IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-144-KFP |
| ) | [WO] |
| RANGE 231 N., LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Alter, Amend or Vacate Denial of Plaintiff's Second Application to Clerk for Entry of Default against Defendant Range 231 N., LLC. Doc. 27. For the following reasons, the motion will be denied.

### I.   BACKGROUND

Plaintiff attempted to serve Defendant Range 231 N., LLC by certified mail addressed to "Range 231 N. LLC c/o United States Corporation Agents, Inc." Doc. 21-1. As indicated on the proof of service (Doc. 21), United States Corporation Agents, Inc. (USCA) "is designated by law to accept service of process on behalf of" Defendant Range 231 N., LLC.[1] Doc. 21. Thereafter, Plaintiff filed an application for entry of default against Defendant Range 231 N., LLC. However, the Clerk of Court denied the application on grounds that Plaintiff failed to establish proper service. First, the certified mail was

---

[1] *See also* Alabama Secretary of State's Business Entity Records, at https://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=000447187&page=name&file=&type=ALL&status=ALL&place=ALL&city= (Range 231 N. LLC) (last visited Jan. 31, 2025).

addressed to a corporate registered agent for service of process, not to a natural person described in Rule 4(c)(6) of the Alabama Rules of Civil Procedure. Doc. 26 at 3. Second, Plaintiff failed to show that the individual who signed the return receipt for the certified mail was either a person to whom process may be directed under Rule 4(c)(6) or an agent for service of process. Doc. 26 at 4 (citing Doc. 21-1).

In support of the pending Motion to Alter, Amend or Vacate Denial of Plaintiff's Second Application to Clerk for Entry of Default, Plaintiff's counsel submits a declaration providing new information. Counsel asserts that the address for USCA listed on the Alabama Secretary of State's website is "obsolete" and that, based on his research, he used the correct address for service of process. Doc. 27-5 at 1–2. Counsel also states that, after the second denial of the application for entry of default, he spoke with Collin Wheeless, the individual who signed the certified mail's return receipt, and that Mr. Wheeless confirmed his authority to receive mail on behalf of USCA. Doc. 27-5 at 2.

## II.    DISCUSSION

A prerequisite for the entry of default under Rule 55(a) of the Federal Rules of Civil Procedure is proper service of the summons and complaint on the defendant. *See Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1367 (11th Cir. 1982) (holding that a default judgment entered without proper service is void); (*see also* Doc. 26 (citing additional authorities).) Defendant Range 231 N., LLC is a limited liability company (LLC). Rule 4(h) of the Federal Rules of Civil Procedure governs service on an LLC and, as relevant for this Court, permits service on an LLC under Alabama law. Fed. R. Civ. P. 4(h)(1)(A) (incorporating Fed. R. Civ. P. 4(e)(1)); Doc. 26 at 2 (citations

2

omitted). Alabama law in turn provides for service on an LLC by certified mail through the United States Postal Service. *See* Ala. R. Civ. P. 4(i)(2).

Under Alabama law, service of process must be made on an LLC "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6); *see also Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238 (M.D. Ala. 2005). When service on an LLC is by certified mail under Alabama law, Rule 4(i)(2) governs the procedure. Rule 4(i)(2)(B) specifies to whom the certified mail must be addressed when the defendant is an artificial entity: "In the case of an entity within the scope of one of the subdivisions of Rule 4(c) [which includes an LLC], the addressee shall be a *person* described in the appropriate subdivision." Ala. R. Civ. P. 4(i)(2)(B) (alterations and emphasis added). The appropriate subdivision is 4(c)(6), which is quoted above. *See* Ala. R. Civ. P. 4(c)(6). That person must be a natural person, and not a legal entity. *See Parks v. Quality Serv. Integrity*, 2015 WL 6872498, at *3 (M.D. Ala. Nov. 9, 2015) (explaining that Alabama Rule 4(i)(2)(B) requires that the certified mailing be addressed not just to the artificial entity but to a human being associated with the entity (citing *Johnson v. Champions*, 2013 WL 275957, at *2 (S.D. Ala. Jan. 24, 2013))); *accord U.S. Bank Nat. Ass'n v. Turquoise Properties Gulf, Inc.*, 2010 WL 3155495, at *2 (S.D. Ala. Aug. 5, 2010). Rule 4(i)(2)(B) "rules out artificial entities as acceptable addressees." *Johnson*, 2013 WL 275957, at *2 n.2 (distinguishing between "[a]n agent for receipt and delivery of [certified] mail, which "can be a 'person or entity,'" Ala. R. Civ. P. 4(i)(2)(C), and the addressee of the certified mail who "must be a 'person'").

Under Rule 4(i)(2)(C), service by certified mail is "deemed complete" when the named addressee or the addressee's agent signs the return receipt. Ala. R. Civ. P. 4(i)(2)(C). "Within the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." *Id.* "Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. . . ." *Id.* Additionally, substantial compliance with the requirements of the Federal Rules of Civil Procedure (and here by incorporation the Alabama Rules of Civil Procedure) may suffice where the defendant receives actual notice and is not prejudiced. *Alfagres*, 385 F. Supp. 2d at 1239 (citing *Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 900 (11th Cir. 1990) (citation omitted)).

Based on the foregoing, the record establishes the following: first, that USCA is an agent "authorized by appointment or by law to receive service of process" for Defendant Range 231 N., LLC, under Ala. R. Civ. P. 4(c)(6) (*see* Doc. 21-1); second, that the certified mail was sent to USCA's correct address; third, that the certified mail was not addressed to a natural person as required by Rule 4(i)(2)(B), because neither Range 231 N., LLC (the defendant) nor USCA (the authorized agent for service of process) is a natural person; fourth, that a natural person authorized to accept mail for USCA signed the return receipt for the certified mail (*i.e.*, Mr. Wheeless) and thus that an "agent" for Defendant's agent (*i.e.*, USCA) signed the return receipt; and fifth, that there is no evidence that Defendant actually received a copy of the summons and complaint. *See* Ala. R. Civ. P. 4(i)(2)(C).

Based on the foregoing facts, strict compliance with Rule 4(i)(2)(B) is lacking because the certified mail was not addressed to a natural person, either within Defendant Range 231 N., LLC or USCA. The certified-mail addressee (USCA) cannot "acknowledge actual receipt of the summons" in a manner that establishes Mr. Wheeless's authority because USCA is not a natural person. Ala. R. Civ. P. 4(i)(2)(B), 4(i)(2)(C). Moreover, for purposes of substantial compliance with service requirements, there is no evidence that Defendant received a copy of the summons and complaint. For these reasons, Plaintiff has not demonstrated that service of process on Range 231 N., LLC was proper.

Notwithstanding the foregoing deficiencies, Plaintiff argues that *Alfagres* supports its position that service by certified by mail is proper. *See* 385 F. Supp. 2d at 1230; (Doc. 27 at 2.) In *Alfagres*, the certified-mail addressee for service of process was the corporate defendant itself, and not a natural person. However, there was evidence that the individual who signed the receipt had authority to forward mail to the corporate defendant and that the defendant had actual notice of the summons and complaint in part because it filed a motion to quash service of process. The Court found that service of process by certified mail was in substantial compliance with the Federal and Alabama Rules of Civil Procedure. *See Alfagres*, 385 F. Supp. 2d at 1238–39.

The Court explained that, although the summons and complaint were addressed to Alfagres, the corporate defendant, rather than to a specific individual required by Alabama Rules 4(c)(6) and 4(i)(2)(B), the service still met the other requirements of Alabama Rule 4(i)(2). The corporate defendant's motion to quash further demonstrated that the appropriate individuals within Alfagres received the summons and complaint. The Court

5

found unconvincing Alfagres's argument that service was incomplete because the individual who signed the certified mail's return receipt (Montallana) was not an authorized agent to receive service of process for Alfagres. Under Alabama Rule 4(i)(2)(C), the person who signs the return receipt only needs to be an agent authorized to receive and deliver mail to the addressee and "need *not* be the actual person authorized to receive process under Rule 4(c)(6)." *Id.* at 1239. Because Alfagres acknowledged that mail sent to the certified-mail address was forwarded to the corporation, the court found that Montallana's signature was sufficient to meet the requirements of Rule 4(i)(2)(C). *See Alfagres*, 385 F. Supp. 2d at 1238–39.

The service deficiency in *Alfagres* is similar to the issue here, as the certified mail was not addressed to a natural person as required by Rule 4(c)(6). However, *Alfagres* is distinguishable in two respects. First, the evidence here shows that the agent who signed the certified mail's return receipt is an agent for USCA (an addressee), which in turn is the agent for the defendant (Range 231 N., LLC). In other words, the signatory is the agent of the agent of the defendant, and not the agent of the defendant. Second, and more importantly, Plaintiff has not provided evidence of actual notice, that is, that either USCA or Range 231 N., LLC, received the summons and complaint.

In *Alfagres*, the Court relied on evidence indicating that the corporate defendant had received the summons and complaint, which was crucial to its finding that service substantially complied with the Federal and Alabama Rules of Civil Procedure. *See id.* at 1239 (emphasizing that "nowhere in the record d[id] Alfagres dispute eventually receiving the summons and complaint" and that "the record indicate[d] that Alfagres received actual

6

notice of Alfa's claim against it," as evidenced by Alfagres's filing of a motion to quash (alterations added)). On this record, the new information submitted by counsel for Plaintiff is insufficient to justify the entry of default.

### III.    CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Alter, Amend or Vacate Denial of Plaintiff's Second Application to Clerk for Entry of Default against Defendant Range 231 N., LLC (Doc. 27), is DENIED.

DONE this 31st day of January, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE